FILED
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**
2018 NOV -2 PM 2: 47

CLERK'S OFFICE
AT BALTIMORE

ALDE-BINET TCHATCHOU, Individually and
On Behalf of All Others Similarly Situated
Apt. 1220
2395 Eversyde Avenue, S.W.
Calgary, Alberta, Canada

Civil Action No.

BY_____DEPUTY

                               Plaintiff,

**CLASS ACTION  COMPLAINT
FOR VIOLATION OF THE
FEDERAL SECURITIES LAWS**

         v.

INDIA GLOBALIZATION CAPITAL, INC.
4336 Montgomery Ave.
Bethesda, Maryland 20814
      SERVE ON RESIDENT AGENT:
      The Corporation Trust, Incorporated
      2405 York Road, Suite 201
      Lutherville-Timonium, MD  21093-2264

RAM MUKUNDA
4336 Montgomery Ave.
Bethesda, Maryland 20814

RICHARD PRINS
4336 Montgomery Ave.
Bethesda, Maryland 20814

    and

SUDHAKAR SHENOY
4336 Montgomery Ave.
Bethesda, Maryland 20814

                         Defendants.

## COMPLAINT

Plaintiff, Alde-Binet Tchatchou ("Plaintiff"), individually and on behalf of all other

persons similarly situated, by the undersigned attorneys, alleges the following based upon

personal knowledge as to himself and his own acts, and upon information and belief as to all

other matters based upon, *inter alia*, the investigation conducted by and through his attorneys,

#3167848v.1

which included, among other things, a review of the defendants' public documents, announcements made by defendants, U.S. Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding India Globalization Capital, Inc. ("IGC" or the "Company"), and information readily available on the Internet. Plaintiff believes that substantial evidentiary support will exist for these allegations after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of all persons or entities who purchased or otherwise acquired IGC common stock between September 26, 2018 and October 29, 2018, both days inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

## JURISDICTION & VENUE

2.     The federal law claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder by the SEC.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as well as Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4.     This Court has jurisdiction over each defendant named herein because each defendant has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

#3167848v.1

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act because many of the false and misleading statements were made in or issued from this District, and IGC's U.S. offices are located within this District.

6.      In connection with the acts, conduct, and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including, but not limited to, the United States mails, interstate telephone communications, and the facilities of the national securities exchange.

## PARTIES

7.      Plaintiff purchased IGC securities during the Class Period at artificially inflated prices as set forth in the certification annexed hereto.

8.      Defendant IGC is a Maryland corporation headquartered in Bethesda, Maryland, with its principal executive offices located at 4336 Montgomery Ave., Bethesda, Maryland 20814.  IGC common stock traded, under the ticker symbol "IGC," on the NYSE American exchange.

9.      Defendant Ram Mukunda has served as President, Chief Executive Officer, and Director of IGC since April 2005.  According to the Company's Annual Report filed on Form 10-K with the SEC for the 2018 fiscal year (the "2018 Form 10-K"), as of May 31, 2018, Mukunda was the beneficial owner of 2,668,683 shares of IGC common stock, representing approximately 8.1% of the shares issued and outstanding at that time.

10.     Defendant Richard Prins has served as Chairman of the Board of Directors and Audit Committee Chairman since 2012 and a director since May 2007.  According to the 2018 Form 10-K, as of May 31, 2018, Prins was the beneficial owner of 268,000 shares of IGC common stock, representing approximately .8% of the shares issued and outstanding at that time.

#3167848v.1

11. Defendant Sudhakar Shenoy has served as Compensation Committee Chairman since 2012 and a director since May 2005. According to the 2018 Form 10-K, as of May 31, 2018, Shenoy was the beneficial owner of 830,000 shares of IGC common stock, representing approximately 2.5% of the shares issued and outstanding at that time

12. Defendants Mukunda, Prins, and Shenoy are together referred to herein as the "Individual Defendants."

13. Each of the Individual Defendants: (a) directly participated in the management of the Company; (b) was directly involved in the day-to-day operations of the Company at the highest levels; (c) was privy to confidential proprietary information concerning the Company and its business and operations; (d) was directly or indirectly involved in drafting, producing, reviewing, and/or disseminating the false and misleading statements and information alleged herein; (e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls; (f) was aware of or recklessly disregarded the fact that false and misleading statements were being issued concerning the Company; and/or (g) approved or ratified these statements in violation of the federal securities laws.

14. Together, IGC and the Individual Defendants are referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15. IGC operates two distinct business segments. One segment develops and commercializes cannabinoid based alternative therapies for indications such as Alzheimer's disease, Parkinson's disease, and pain. The Company's second segment, operated since its inception, is a legacy business that involves trading commodities and heavy equipment rental.

4

## Defendants' False and Misleading Class Period Statements

16.     The Company's entry into the cannabinoid business attracted widespread attention, and particularly its announcement that it would be entering a partnership to launch a hemp/CBD-infused energy drink called "Nitro-G" on September 25, 2018. The Company made this announcement via press releases which stated in relevant part:

**IGC to Enter the Hemp/CBD-Infused Energy Drink Space**

BETHESDA, MD. September 25, 2018 / India Globalization Capital, Inc. (NYSE AMERICAN: IGC) announces today that it has executed a distribution and partnership agreement for several products including a sugar free, energy drink called 'Nitro G'.

IGC will pay 797,000 shares of restricted, unregistered, common stock, for a 10-year agreement, with an option for multiple 5-year extensions, for the rights to market the products in the U.S., Canada, Mexico and South America and exclusive global rights to all developed CBD-infused products.

IGC plans to create a branded, hemp/CBD-infused version of the formulation that addresses market demand for energy drinks with the inclusion of healthy properties derived from hemp including CBD.

"According to a Grand View Research forecast, the global energy drinks market is projected to be almost $85 billion by the year 2025, with non-alcoholic beverage sales expected to account for a significant portion of the market. This represents a unique opportunity for the development and commercialization of a CBD-infused, sugar free energy beverage," stated Ram Mukunda, CEO of IGC.

"By combining the experience of IGC with Hyalolex with the manufacturer in Malaysia, we potentially bring together unique expertise in microencapsulation, solubility, infusion, controlled dose delivery, and sugar free processes, among others. This will help introduce an exciting CBD-infused energy drink to the market and the acquired knowledge base can be further leveraged to diversify the delivery method for IGC branded products including Hyalolex$^{tm}$, our flagship product for patients suffering from Alzheimer's," continued Mukunda.

This transaction is particularly timely given the language of the 2018 Farm Bill that currently addresses potentially legalizing, on a federal level,

5

#3167848v.1

industrial hemp and products derived from it, including hemp oil that contains CBD.

17.     Within one week of the Company's announcement, the Company's stock rocketed 458%.   Also during this week, the Company conducted an at-the-market stock offering announced on September 22, 2018, raising $30 million in capital.

18.     The statements referenced in ¶¶ 16-17 above were materially false and/or misleading because they misinterpreted and failed to disclose the following adverse facts pertaining to the Company's business and operations which were known to Defendants or recklessly disregarded by them.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that (i) IGC was engaged in ventures or promotions which it had not developed to commercial stage (ii) IGC or its management had engaged in operations contrary to the public interest; and (iii) that as a result of the foregoing, IGC's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

19.     Following the astronomic rise of the Company's stock price, stock commentary website Citron Research posted a tweet on Twitter.com questioning the veracity of the Company's operations.   Marketwatch also launched an investigation and published a story similarly questioning the Company's operations.   Under this scrutiny, the stock price precipitously declined.

20.     On October 29, 2018, NYSE American LLC ("NYSE American" or the "Exchange") announced that trading in the Company's stock would be immediately suspended and delisted from the Exchange, stating in relevant part:

> **NYSE AMERICAN TO SUSPEND TRADING IN INDIA GLOBALIZATION CAPITAL, INC. (IGC) AND COMMENCE DELISTING PROCEEDINGS**

6

#3167848v.1

NEW YORK, October 29, 2018 – NYSE American LLC ("NYSE American" or the "Exchange") announced today that the staff of NYSE Regulation has determined to commence proceedings to delist the common stock of India Globalization Capital, Inc. (the "Company") — ticker symbol IGC —from the Exchange.   Trading in the Company's common stock on the NYSE American will be suspended immediately.

NYSE Regulation commenced delisting proceedings against the Company pursuant to Section 1003(c) (i) of the NYSE American Company Guide (the "Company Guide") which states that where the issuer has substantially discontinued the business that it conducted at the time it was listed or admitted to trading, and has become engaged in ventures or promotions which have not developed to a commercial stage or the success of which is problematical, it shall not be considered an operating company for the purposes of continued trading and listing on the Exchange.

NYSE Regulation also considered Section 1003(f) (iii) because the Company or its management have engaged in operations which, in the opinion of the Exchange, are contrary to the public interest. Section 1009(a) (ii) of the Company Guide states that it is necessary and appropriate for the protection of investors to immediately suspend trading in the Company's common stock.

21.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities and its suspension from the Exchange, Plaintiff and the other members of the Class have suffered significant losses and damages.

## ADDITIONAL ALLEGATIONS OF SCIENTER

22.     As alleged herein, Defendants acted with scienter since they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding IGC, their control over, and/or receipt

and/or modification of IGC's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Concordia, participated in the fraudulent scheme alleged herein.

23.     Further, the Individual Defendants had a financial motive to artificially inflate the price of the Company's stock through the announcement of non-commercially viable ventures. According to the 2018 Form 10-K, the Individual Defendants controlled 11.4% of the Company's outstanding stock.

## NO SAFE HARBOR

24.     The statutory safe harbor provided for certain forward-looking statements does not apply to any of the false statements alleged herein. None of the statements alleged herein is a "forward-looking statement" and no such statement was identified as a "forward-looking statement" when made. Rather, the statements alleged herein to be false and misleading all relate to facts and conditions existing at the time the statements were made. Moreover, cautionary statements, if any, did not identify important factors that could cause actual results to differ materially from those in any forward-looking statements.

25.     In the alternative, to the extent that the statutory safe harbor does apply to any statement pleaded herein that is deemed to be forward-looking, the Defendants are liable for such false forward-looking statements because, at the time each such statement was made: (i) the speaker actually knew and/or recklessly disregarded the fact that such forward-looking statement was materially false or misleading and/or omitted facts necessary to make statements previously made not materially false and misleading; and/or (ii) each such statement was authorized and/or approved by a director and/or executive officer of IGC who actually knew or recklessly disregarded the fact that each such statement was false and/or misleading when made.

8

26.     None of the historic or present tense statements made by the Defendants was an assumption underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by the Defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired IGC securities during the Class Period (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

28.     The members of the Class are so numerous that joinder of all members is impracticable, since IGC has millions of shares of stock outstanding and because the Company's shares were actively traded on the NYSE American. As of June 15, 2018, had more than 31 million shares issued and outstanding. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class and that they are geographically dispersed.

29.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class, which predominate over questions that may affect individual Class members, include, *inter alia*:

(a)     whether the Defendants violated the Exchange Act;

(b)    whether the Defendants omitted and/or misrepresented material facts in their publicly-disseminated reports, press releases, and statements during the Class Period;

(c)    whether the price of IGC securities was artificially inflated during the Class Period as a result of the material omissions and/or misrepresentations complained of herein; and

(d)    whether the members of the Class have sustained damages as a result of the decline in value of IGC's stock when the truth was revealed.

30.    Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from the Defendants' wrongful conduct in a substantially identical manner.

31.    Plaintiff will adequately protect the interests of the Class and has retained counsel experienced in class action securities litigation. Plaintiff has no interests that conflict with those of the other members of the Class.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of Section 10(b) of the Exchange Act and Rule 10b-5
Promulgated Thereunder Against All Defendants**

33.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34.    This Count, asserted against all of the Defendants, is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

#3167848v.1

35.     During the Class Period, the Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and/or misleading statements specified above, which they knew or deliberately disregarded were false and/or misleading in that they contained material misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading.

36.     The Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they:

(a)     Employed devices, schemes and artifices to defraud;

(b)     Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and/or

(c)     Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their purchases of IGC securities during the Class Period.

37.     The Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of IGC were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws.  These Defendants, by virtue of their receipt of information reflected the true facts regarding IGC, their control over and/or receipt of and/or modification of IGC's allegedly materially false and misleading statements, and/or their associations with the Company, which made them privy to confidential proprietary information concerning IGC, participated in the fraudulent scheme alleged herein.

38.     The Individual Defendants, who are senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material

11

statements set forth above, and intended to deceive Plaintiff and the other members of the Class or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other IGC personnel to members of the investing public, including Plaintiff and the Class.

39.     As a result of the foregoing, the market price of IGC securities was artificially inflated during the Class Period. Unaware of the falsity of the Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of IGC securities during the Class Period in purchasing IGC securities at prices that were artificially inflated as a result of the Defendants' false and misleading statements.

40.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

41.     By reason of the foregoing, the Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to Plaintiff and the other members of the Class for the substantial damages they suffered in connection with their purchases of IGC securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

42.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.     During the Class Period, the Individual Defendants participated in the operation and management of IGC and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. As a consequence of their senior positions, the Individual Defendants knew or recklessly disregarded the fact that the adverse information specified herein

12

had not been disclosed to, and was being concealed from, the investing public. Plaintiff and the other members of the Class had no access to such information, which was and is solely under the control of the Defendants.

44.     As officers and/or directors of a publicly-owned company, the Individual Defendants had a duty to disseminate accurate and truthful information about the Company to the investing public, and to correct promptly any public statements issued by IGC that had become materially false or misleading.

45.     As a result of their positions of control and authority as senior officers and/or directors of the Company, the Individual Defendants were able to, and did, control the contents of the various reports, press releases, and public filings that IGC disseminated in the marketplace during the Class Period concerning its business operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause IGC to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of IGC within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged herein, which artificially inflated the market price of IGC securities.

46.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by IGC.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(A)     Declaring this action to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designating Plaintiff as class representative and Plaintiff's counsel as Class Counsel;

#3167848v.1

(B)     Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all of the Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(C)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees and expert fees; and

(D)     Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: November 2, 2018          **TYDINGS & ROSENBERG LLP**

John B. Isbister (00639)
jisbister@tydingslaw.com
Daniel S. Katz (01148)
dkatz@tydingslaw.com
One East Pratt Street, Suite 901
Tel: 410-752-9700
Fax: 410-727-5460

*Attorneys for Plaintiff*

*Of Counsel:*

**WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
GMN@whafh.com
Matthew M. Guiney
guiney@whafh.com
Kevin G. Cooper
kcooper@whafh.com
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

14